

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE NORTHERN TRUST COMPANY and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 05 C 3370 |
| MS SECURITIES, INC., BEAR, STEARNS & COMPANY, INC., and BEAR, STERNS SECURITIES CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |
| THE NORTHERN TRUST COMPANY and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, | ) ) ) ) ) | |
| vs. | ) ) | No. 05 C 3373 (related case) |
| MERRILL LYNCH & CO., INC., and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Defendants Bear, Stearns and Company, Bear, Stearns Securities Corporation, MS Securities Corporation, Merrill Lynch & Co., and Merrill Lynch, Pierce, Fenner & Smith Incorporated (collectively "defendants") move for reconsideration of a narrow issue decided in the court's Memorandum Opinion and Order dated March 15, 2006. *See* Northern Trust Company v. MS Securities Services, Inc., 2006 U.S. Dist. LEXIS 11037, 2006 WL 695668 (N.D.

Ill. 2006). Specifically, defendants seek reconsideration of the denial of its Rule 12(f) motion to strike plaintiff Northern Trust Company's (Northern) request for attorneys' fees and statutory interest that was paid to the IRS. For the following reasons, defendants' motion for reconsideration is denied.

The damages issue may be narrow relative to the scope of Northern's complaint, but it is significant – the attorneys' fees and statutory interest comprise more than 55% of the total damages sought by Northern. In brief summary, Northern and defendants entered into separate securities lending agreements, pursuant to which Northern loaned defendants shares of securities it held as trustee for two pension trusts. In exchange, defendants provided collateral and paid a fee. After holding the securities over the relevant record dates, defendants, or related third parties, became shareholders of record. Because the loaned securities were issued by a mutual fund that was a regulated investment company, defendants claimed certain credits for taxes on long-term capital gains actually paid by the mutual fund.

Not knowing that defendants claimed the tax credits, Northern also claimed the credits, presumably on behalf of the pension trusts, and refunds were paid by the Internal Revenue Service (IRS). The IRS eventually brought an action against Northern for claiming the tax credits. After litigation, and the accumulation of attorneys' fees and statutory interest, Northern and the IRS reached a settlement. In the March 15, 2006, order it was our assumption that Northern was entitled to claim the tax credits, and we then concluded that its prayer for those fees and expenses, incurred while defending its claim of the tax credits, should not be stricken.

Motions to reconsider only serve "to correct manifest errors of law or fact or to present newly discovered evidence." Publishers Res. Inc. v. Walker-Davis Publications, Inc., 762 F.2d

557, 561 (7th Cir. 1985); *see also* Neal v. Newspaper Holdings, Inc., 349 F.3d 363 (7th Cir. 2003). Such motions are not vehicles for rehashing old arguments that have already been rejected. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

Defendants argue that the court erred in concluding that they breached the lending agreements by claiming the tax credits and by observing that Northern's claim of the tax credits was wrong only because defendants claimed those credits first. Defendants' position may be reduced to the proposition that they, not Northern, were entitled to claim the tax credits. Defendants further contend that the IRS brought an action against Northern because Northern improperly claimed the tax credits, not because of defendants' proper claim or their failure to compensate Northern for the value of those credits. These arguments, entitlement to the tax credits and causation, were raised by defendants in their motion to dismiss. In rejecting those arguments we assumed that Northern was entitled to claim the tax credits. We now perceive that this assumption may have been misunderstood by defendants and prompted their motion to reconsider. Clarification is in order.

No suggestion was made in the March 15, 2006, opinion that defendants were not legally entitled to claim the tax credits. Their status as shareholders of record enabled them to do so. We considered Northern's entitlement to the benefits of tax credits independent of defendants' claims to those credits, *i.e.*, whether Northern could claim the tax credits, or their value, had it not previously loaned the shares. A negative answer to this question would have quickly disposed of the damages claim. Further, we did not conclude that both defendants and Northern could properly claim the tax credits without more, such as defendants paying the value of the tax credits to Northern. Defendants' legal entitlement to the tax credits does not necessarily mean that they, or related third parties, could take the value of those credits without

running afoul of standing contractual obligations. In other words, a legal entitlement to claim may or may not be coterminous with a contractual obligation to compensate.

In their motion for reconsideration, defendants emphasize that their entitlement to the tax credits defeats any breach of contract claim based on their claim for those credits. In paragraph 71 of its complaint against Bear Stearns and MS Securities, Northern alleges: "Had the Brokerages not wrongfully claimed the benefit of the QFV tax payments for themselves or their customers, or had the Brokerages had [sic] not wrongfully refused to pay over those benefits to Northern Trust or the IRS, Northern Trust would not have been forced to attempt to defend itself in adversarial proceedings against the IRS." *See also* para. 52 of Northern's complaint against Merrill Lynch. As alleged, Northern's entitlement to the value of the tax credits does not hinge on its ability to claim the tax credits from the IRS. Thus, even if defendants did not breach the agreements by claiming the tax credits, the failure to compensate Northern could constitute a breach. We observed as much in denying defendants' motions to dismiss the breach of contract claims.

Moreover, notwithstanding defendants' entitlement to claim the tax credits, defendants could have breached the lending agreements if their use of the loaned securities exceeded any terms of use or limits established by the agreements or industry practice. If the agreements vested Northern with all incidents of ownership of the loaned securities, those incidents could also include the value of the tax credits. In paragraphs 71 and 52 of the complaints, Northern also alleges that defendants' failure to compensate led to the IRS litigation.

Defendants acknowledge that at the heart of Northern's case is its claim for the value of the tax credits (mot. to reconsider, at 5-6), but they portray Northern's contention that the absence of compensation proximately caused the IRS litigation as an unsupported legal

conclusion that the court is under no obligation to accept. Proximate cause is usually a question of fact, and may be determined as an issue of law only if "the facts as alleged show that the plaintiff would never be entitled to recover." <u>Abrams v. City of Chicago</u>, 211 Ill. 2d 251, 257-258 (Ill. 2004). Northern states that had defendants paid over the value of the tax credits, as allegedly required under the lending agreements, then it would have paid the IRS and avoided costly litigation. Moreover, Northern asserts that it was not aware that defendants had claimed and retained the value of the tax credits until the IRS requested that it repay refunds that it had received (plf. cplt. ¶¶ 55-56). The complaint does not, therefore, show that Northern claimed tax credits and received refunds knowing that defendants applied for the same credits and refunds.

At this stage Northern's claim for attorneys' fees and litigation expenses depends not on its entitlement to claim the tax credits from the IRS, but from its contract claims that defendants were obligated to pay over to it the benefits of those tax credits. Therefore, the alleged facts do not show that Northern's recovery is absolutely foreclosed, and the denial of defendants' motion to strike was proper.

## CONCLUSION

Defendants' motion to reconsider is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_Mar 31_, 2006.